**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TECHNICAL YOUTH, LLC      ) <br>    d/b/a EIGHT ELEVEN,     ) <br>                    ) <br>         Plaintiff,    ) <br>                    ) <br>    v.            ) <br>                    ) <br> KYLE LEPI, ROBERT MOYER, and    ) <br> AGILITY PARTNERS, LLC,    ) <br>                    ) <br>       Defendants.    ) | No. 1:18-cv-00874-TWP-TAB |

## ENTRY ON JURISDICTION

      It has come to the Court's attention that Defendants' Notice of Removal fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Notice of Removal alleges jurisdiction based upon diversity of citizenship. However, the Notice of Removal fails to sufficiently allege the citizenship of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

      The Notice of Removal alleges that "Plaintiff is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana. . . . Defendant Agility Partners, LLC is an

Ohio limited liability company with its principal place of business in Columbus, Ohio; and Defendants Robert Moyer and Kyle Lepi are residents of the State of Ohio." (Filing No. 1 at 2.) These allegations of state residency, not citizenship, are not sufficient to allow the Court to determine whether diversity jurisdiction exists. Furthermore, these jurisdictional allegations do not establish the citizenship of the LLC parties. Alleging the identity and citizenship of each of the members of the limited liability companies is necessary for this Court to determine whether it has jurisdiction.

Therefore, the Defendants are **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the members of the LLC parties and those members' citizenship. It also should specifically identify the state citizenship, not residency, of the individual parties. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date:  3/26/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sara Hutchins Jodka
DICKINSON WRIGHT PLLC
sjodka@dickinsonwright.com

Mark Robert Molter
BINGHAM GREENEBAUM DOLL LLP
mmolter@bgdlegal.com

Gregory A. Neibarger
BINGHAM GREENEBAUM DOLL LLP
gneibarger@bgdlegal.com